## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | | |
|---|---|---|---|
| John Banks, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 10 C 5109 |
| | ) | | |
| Asset Acceptance, LLC, a Delaware | ) | | |
| limited liability company and Northland | ) | | |
| Group, Inc., a Minnesota corporation, | ) | | |
| | ) | | |
| Defendants. | ) | | Jury Demanded |

## COMPLAINT

Plaintiff, John Banks, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, B) Defendants reside and transact business here.

## PARTIES

3.      Plaintiff, John Banks ("Banks"), is a citizen of the State of Massachusetts, from whom Defendants attempted to collect a delinquent consumer debt owed for an American Express credit card, which was then allegedly owed to a bad debt buyer, Asset Acceptance.  These collection actions took place despite the fact that he had told

the Defendants that he refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, Asset Acceptance, LLC ("Asset Acceptance"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Asset operates a nationwide delinquent debt collection business from its offices in nine different states, including a call center in Chicago, Illinois, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois, see, printout from Asset's web site, attached as Exhibit A.  In fact, Defendant Asset Acceptance was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant Asset Acceptance is licensed to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit B.  In fact, Defendant Asset Acceptance conducts extensive and substantial business in Illinois by collecting delinquent consumer debts from thousands of Illinois consumers via collection letters sent to Illinois, through collection phone calls made from its Illinois' call center, and through thousands of collection lawsuits it files in Illinois' court system.

6.     Defendant Asset Acceptance is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit C.  In fact, Defendant Asset Acceptance acts as a collection agency

in Illinois.

7.      Defendant Asset Acceptance is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies, such as Defendant Northland.

8.      Defendant, Northland Group, Inc. ("Northland"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant Northland was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

9.      Defendant Northland is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit D.  In fact, Defendant Northland conducts extensive and substantial business in Illinois.

10.      Defendant Northland is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as  Exhibit E.  In fact, Defendant Northland acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

11.      Mr. Banks is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for an American Express credit card.  At some point in time after that debt became delinquent, Defendant Asset Acceptance bought Mr. Banks' American Express debt.  When Defendant Asset Acceptance began trying to collect this debt from him, by having another collection

agency, FMS, Inc., send him an initial collection letter, dated August 5, 2009, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions. A copy of this collection letter is attached as Exhibit F.

12.     Accordingly, on September 27, 2009, one of Mr. Banks' attorneys at LASPD informed Defendant Asset Acceptance, in writing, through its agent, FMS, that Mr. Banks was represented by counsel, and directed Asset Acceptance to cease contacting him, and to cease all further collection actions because Mr. Banks was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit G.

13.     Nonetheless, despite being advised that Mr. Banks was represented by counsel and refused to pay the debt, Defendant Asset Acceptance had Defendant Northland send Mr. Banks collection letters, dated May 17, 2010 and June 15, 2010, which demanded payment of the Asset/American Express debt. Copies of these letters are attached as Exhibits H and I, respectively.

14.     Accordingly, on July 2, 2010, Mr. Banks' attorneys at LASPD had to yet again inform Defendant Asset Acceptance, this time through Defendant Northland, that its must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit J.

15.     Defendants' collection actions complained of herein (Exhibits H and I) occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt which the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letters from Mr. Banks' agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23.     Defendants knew, or readily could have known, that Mr. Banks was represented by counsel in connection with this debt because his attorneys at LASPD had informed Defendant Asset Acceptance, in writing, through its agent, that Mr. Banks was represented by counsel, and had demanded a cessation of communications with Mr. Banks.  By sending collection letters to Mr. Banks, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24.     Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, John Banks, prays that this Court:

1.      Find that Defendants' debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Banks, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, John Banks, demands trial by jury.

John Banks,

By: <u>/s/ David J. Philipps____</u>
One of Plaintiff's Attorneys

Dated:  August 13, 2010

6

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com